UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-19-RJC

| | |
|---|---|
| GENE WAYNE HAYMOND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PATSY L. CHAVIS, ) | |
| Administrator, Tabor ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on its own motion following of the filing of Respondent's motion for summary judgment. (Doc. No. 7).

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding pro se, of the heavy burden that he carries in addressing Respondent's response and motion for summary judgment. (Doc. Nos. 6-8)

Summary judgment shall be granted "if the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1996). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

1

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

If Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now file it to the Court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. Federal Rule of Civil Procedure 56(c) provides that:

> **(1)** *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Petitioner to this Court no later than thirty (30) days from entry of this Order. Petitioner's failure to file a proper response to Respondent's motion for summary judgment could result in an Order granting Respondent's prayer for relief, that is, dismissal of Petitioner's 2254 petition with prejudice.

**IT IS THEREFORE ORDERED** that Petitioner shall have thirty (30) days from entry of this Order to file a response to Respondent's Motion for Summary Judgment. (Doc. No. 7).

Signed: July 3, 2013

Robert J. Conrad, Jr.
United States District Judge

3